THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SELECTIVE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.

ROBYN NOVITSKY, individually
and as Executrix of the Estate of
Kevin C. Novitsky, deceased,
VILLAGE AUTO SALES, INC., and
PATRICIA NOVITSKY, individually
and as the Executrix of the Estate
of Clement Novitsky, deceased,

    Defendants.

3:17-CV-2376
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff filed this declaratory judgment action seeking a judicial determination of the amount of underinsured motorist coverage available to any Defendant in the action. (Doc. 1.) Five motions are pending before the Court in the above-captioned action: a motion for summary judgment filed by Defendants Robyn Novitsky and Village Auto Sales (Doc. 9); a motion for summary judgment filed by Defendant Patricia Novitsky (Doc. 44); cross-motions for summary judgment (Docs. 17, 47) filed by Plaintiff in response to Defendants' filings; and a motion to strike certain responses contained in Plaintiff's responses to Defendants' statement of undisputed facts filed by Defendants Robyn Novitsky and Village Auto Sales (Doc. 29). Here the Court addresses Defendants' motion to strike with which they assert

that Plaintiff's responses to paragraphs 15-18, 36, 51, 55-58, 60, 61, 63, 64, 71, and 74-80 should be stricken and those paragraphs should be deemed admitted. (Doc. 29 at 5.)

## II. STANDARD OF REVIEW

A district court has broad discretion in the application and interpretation of its own local rules. *Weitzner v. Sanofi Pasteur, Inc.*, 909 F.3d 604, 613 (3d Cir. 2018). *Weitzner* noted that Local Rule 56.1 of the Local Rules of Court of the Middle District of Pennsylvania "'is essential to the Court's resolution of a summary judgment motion' due to its role in 'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence.'" *Id.* (quoting *Kramer v. Peerless Indem. Ins. Co.*, No. 3:CV-08-2096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010)) (citing *Hartshorn v. Throop Borough*, No. CIV.A. 3:07-CV-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) ("The purpose of this rule is to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." )). Local Rule 56.1 provides the following:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

2

> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

M.D. Pa. L.R. 56.1.

Where a party's Rule 56.1 statement is not short, concise or limited to material facts, and would hinder rather than facilitate the court's consideration of the pending motion, the court need not accept the statement. *Hartshorn*, 2009 WL 761270, at *3. If a responding party fails to comply with Local Rule 56.1, such failure may be deemed an admission. *Ward v. Noonan*, 147 F. Supp. 3d 262, 271 (M.D. Pa. 2015). As the rule states, responsive statements which do not contradict the veracity of the statements of fact are to be deemed admitted. *See, e.g., Mercurio v. Louisville Ladder, Inc.*, No. 3:16-CV-412, 2018 WL 2465181, at *2 (M.D. Pa. May 31, 2018).

### III. ANALYSIS

#### A. Facts Concerning Corporate Status

Defendants argue that Plaintiff's responses to facts asserting that Selective Insurance Company of America and Selective Insurance Company of South Carolina are separate, distinct, and different corporations with their own corporate identities (paragraphs 15-18 and 74) should be stricken because Plaintiff earlier admitted these facts. (Doc. 30 at 1.) Plaintiff responds it has never disputed the two entities are separate companies but asserts it objects to the characterizations set out in the identified paragraphs. (Doc. 37 at 3-4.)

3

To the extent paragraph 15 specifically states that Selective Insurance Company of America and Selective Insurance Company of South Carolina "are separate corporations," Plaintiff is deemed to have admitted this fact. To the extent paragraphs 16-18 and 74 are repetitious and/or present additional characterizations of the corporate identities, the Court will not consider the statements to be undisputed statements of material facts.

## B. Fact that Plaintiff's Policy is First in Priority for UIM Coverage

Defendants assert that paragraph 36, wherein they state that the vehicle occupied by the decedents is "first in priority for underinsured motorist coverage pursuant to 75 Pa. C.S. § 1733" is undisputed in that Plaintiff did not dispute that the vehicle was covered under the policy. (Doc. 30 at 8.) Plaintiff responded to this paragraph with the following statement: "Selective objects to the legal conclusion contained in this paragraph." (Doc. 20 ¶ 36.) Defendants do not dispute that the paragraph contains a legal conclusion but rather aver that it is an appropriate conclusion. (Doc. 30 at 8-9.) Because the statement of fact inappropriately contains legal conclusions, see *Dawn L. v. Greater Johnstown Sch. Dist.*, 614 F. Supp. 2d 555, 558 (W.D. Pa. 2008), the Court will not include paragraph 36 in its consideration of undisputed material facts.

## C. Facts Concerning the "Notice of Policy Transfer Into New Selective Affiliate"

Defendants state that paragraphs related to the July 2012 "Notice" (paragraphs 51, 55-58, 60, 61, 63, 64, 76, 77, and 80) must be deemed admitted because Plaintiff's responses do not address or refute the "material fact" stated in each of the paragraphs.

4

(Doc. 30 at 9.) Plaintiff responds that Defendants mischaracterize its responses to certain facts and "Plaintiff unequivocally disputes that the July 2012 Notice announces a new policy between new and different parties." (Doc. 37 at 6.) The Court concludes the following:

- ¶ 51 is deemed admitted in that Defendants say Village Auto Sales, Inc., was no longer insured by Selective Insurance Company of South Carolina as of July 13, 2012, at 12:01 a.m. and Plaintiff says the policy expired at that time without controverting Defendants' statement;

- ¶ 55 is deemed admitted in that Defendants' statement that, pursuant to the July 2012 Notice, Village Auto Sales, Inc.'s, policy was "rewritten" through Plaintiff Selective Insurance Company of America as of July 13, 2012, at 12:01 a.m. mirrors the language contained in the Notice itself as set out in a previous statement of fact (Doc. 10 ¶ 49) which Plaintiff did not dispute (Doc. 20 ¶ 49);

- ¶ 56 is considered disputed in that Defendants statement therein that "Selective Insurance Company of America issued a policy of insurance" as of July 13, 2012, does not accurately reflect the language contained in the Notice as stated by Defendants in a previous fact, i.e., "This realignment will result in your coverage being reissued through the new Selective affiliate" (Doc. 10 ¶ 48);

- ¶ 57 is deemed admitted in that Defendants' statement that Plaintiff Selective Insurance Company of America as of July 13, 2012, at 12:01 a.m., "offered" Village Auto Sales, Inc., a policy of insurance pursuant to the July 2012 Notice mirrors the

language contained in the Notice itself as set out in a previous statement of fact (Doc. 10 ¶ 49) which Plaintiff did not dispute (Doc. 20 ¶ 49);

- ¶ 58 is deemed admitted in that Defendants state the relevant policy was "delivered" to Village Auto Sales, Inc., and Plaintiff does not dispute delivery (Doc. 20 ¶ 58);

- ¶ 60 is deemed admitted for reasons similar to those identified regarding ¶ 51;

- ¶ 61 is deemed admitted in that Defendants' reference to "a new policy" is consistent with a statement previously admitted wherein the Notice is quoted regarding the "New Policy Effective Date" (Doc. 10 ¶ 47; Doc. 20 ¶ 47);

- ¶ 63 is deemed admitted pursuant to previous admissions cited above (*see* Doc. 10 ¶¶ 47-49; Doc. 20 ¶¶ 47-49);

- ¶ 64 is deemed admitted pursuant to previous admissions cited above (*see* Doc. 10 ¶¶ 47-49; Doc. 20 ¶¶ 47-49);

- ¶ 76 is deemed admitted as per ¶¶ 51 and 60;

- ¶ 77 is deemed admitted as per ¶ 64;

- ¶ 80 averments by Defendants are rejected as conclusions of law.

### D. Facts Concerning the UM/UIM Reduction Form

Defendants identify four paragraphs which they assert should be deemed admitted—paragraphs 71, 75, 78, and 79. (Doc. 30 at 12.) Defendants maintain the paragraphs are appropriately deemed admitted because the material facts set out therein establish that when Selective Insurance Company of America offered the policy indicated in the Notice it did not

obtain a written request from Village Auto Sales, Inc., regarding reduction of the underinsured motorist benefits to an amount equal to or less than the limits for bodily injury. (*Id.* at 12-13.) Plaintiff responds that "[w]hat Defendants fail to understand is that Plaintiff is responding that it obtained a UM/UIM reduction form, and, therefore, disputes the fact." (Doc. 37 at 8.) The Court makes the following determinations as to the paragraphs identified:

- ¶ 71 is deemed disputed not because Plaintiff points to evidence that it obtained a written request to reduce underinsured motorist coverage "*when*" it offered the policy of insurance as stated by Defendants (*see* Doc. 10 ¶ 7; Doc. 20 ¶ 71) but because Defendants state that Selective Insurance Company of America "*issued*" the policy (Doc. 10 ¶ 71 (emphasis added)) and the Court found pursuant to ¶ 56 that the word "issued" does not accurately reflect the language contained in the Notice;

- ¶ 75 is deemed disputed in that the wording used by Defendants in this paragraph is open to interpretation and Plaintiff directly responds that the forms executed pursuant to 75 Pa. C.S. § 1791.1 and § 1734 dated July 31, 2001, are fully applicable to the Selective policies issued from July 13, 2012, through at least May 24, 2017 (Doc. 10 ¶ 75; Doc. 20 ¶ 75);

- ¶¶ 78 and 79 are deemed disputed in that Defendants state in both paragraphs that Plaintiff failed to obtain the "*required*" writings (Doc. 10 ¶¶ 78, 79 (emphasis added)) and Plaintiff avers that the required writings were obtained on July 31, 2001 (Doc. 20 ¶¶ 78, 79).

7

## IV. CONCLUSION

For the reasons discussed above, Defendants' Robyn Novitsky, Individually and as Executrix of the Estate of Kevin C. Novitsky, Deceased, and Village Auto Sales, Inc.'s Motion to Strike Plaintiff's Responses to Defendants' Statement of Undisputed Facts and Deem Facts Admitted (Doc. 29) will be granted in part and denied in part. The motion will be granted in that the following paragraphs are deemed admitted: ¶¶ 15, 51, 55, 57, 58, 60, 61, 63, 64, 76, 77. The motion will be denied in that the following paragraphs are deemed disputed or otherwise excluded from consideration in the Court's recitation of undisputed material facts when considering the pending summary judgment motions : ¶¶ 16, 17, 18, 36, 56, 71, 74, 75, 78, 79, 80.[1] An appropriate Order is filed simultaneously with this Memorandum.

3/1/19

Robert D. Mariani
United States District Judge

---

[1] Nothing in this Memorandum should be read to indicate that all statements of fact deemed admitted herein and in the parties' statements of facts will be included in the Court's recitation when considering the pending summary judgment motions and cross-motions as some facts may be found to be immaterial, repetitious, or otherwise not supported by the record. *See, e.g., Dawn L. v. Greater Johnstown Sch. Dist.*, 614 F. Supp. 2d 555, 558 (W.D. Pa. 2008).